# EXHIBIT C

| | |
|---|---|
| STATE OF NORTH DAKOTA | IN DISTRICT COURT |
| COUNTY OF BURLEIGH | SOUTH CENTRAL JUDICIAL DISTRICT |
| STATE OF NORTH DAKOTA EX REL. DREW H. WRIGLEY, ATTORNEY GENERAL,<br><br>Plaintiff,<br><br>v.<br><br>GLASSER IMAGES, LLC, JACK GLASSER, and JACE SCHACHER,<br><br>Defendants. | Civil No. 08-2022-CV-00969<br><br>**JUDGMENT** |

[¶1]     This matter having come before this Court on a stipulation entered between the Parties in the form of a Consent to Entry of Order and Judgment, which Plaintiff, the Attorney General of the State of North Dakota, by and through Assistant Attorney General Brian M. Card, Consumer Protection and Antitrust Division of the Office of the Attorney General, and Defendants Glasser Images, LLC, Jack Glasser, and Jace Schacher, have agreed to the entry of Order and Judgment by the Court. The Court, having issued an Order for Judgment and being fully advised of the premises, NOW, upon the consent of the parties hereto, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

[¶2]     The State of North Dakota ex rel. Drew H. Wrigley, Attorney General, has authority to act in this matter pursuant to N.D.C.C. ch. 51-15.

[¶3]     This Court has personal jurisdiction over Defendants, and this Court has subject matter jurisdiction pursuant to N.D.C.C. § 51-15-07.

[¶4]     The venue of this action in Burleigh County is proper under N.D.C.C. §§ 28-04-03 and 28-04-05 because Defendants have or had a principal place of business in

Burleigh County, transacted business in Burleigh County, and all or part of the cause of action arose in Burleigh County.

[¶5]    Defendants hereby accept and expressly waive any defect in connection with service of process issued by the Plaintiff on Defendants and agree to a tolling of the statute of limitations in connection with their conduct in violation of N.D.C.C. ch. 51-15.

[¶6]    Defendants Glasser Images and Jack Glasser admit that, with the intent that others rely, they engaged in acts or practices constituting violations of the consumer fraud law, N.D.C.C. § 51-15-02.

[¶7]    Defendants Glasser Images and Jack Glasser are adjudged in violation of the consumer fraud law, N.D.C.C. § 51-15-02, for engaging in deceptive acts or practices, fraud, false pretense, false promise, or misrepresentations.

[¶8]    Defendant Jace Schacher admits that, with the intent that others rely, he engaged in acts or practices constituting violations of the consumer fraud law, N.D.C.C. § 51-15-02.

[¶9]    Defendant Jace Schacher is adjudged in violation of the consumer fraud law, N.D.C.C. § 51-15-02, for engaging in deceptive acts or practices, fraud, false pretense, false promise, or misrepresentations.

[¶10]    Pursuant to N.D.C.C. § 51-15-07, Defendants are permanently enjoined and restrained from directly or indirectly engaging in acts or practices in violation of N.D.C.C. § 51-15-02 in connection with the advertisement or sale of merchandise, as defined by N.D.C.C. § 51-15-01(3), including while engaged in the business of, or acting in the capacity of, a photographer or videographer in the State of North Dakota.

[¶11]   Pursuant to N.D.C.C. § 51-15-07, Defendants are restrained and enjoined from engaging in the business or acting in the capacity of a photographer or videographer in North Dakota for a period of fifteen years, and unless or until: 1) Defendants have paid in full all restitution owed to consumers pursuant to the entry of this Consent Agreement; 2) Defendants have paid in full restitution to all aggrieved consumers, whether subject to this Judgment or other consumer judgments independently obtained; 3) Defendants have paid in full all amounts owed to the Attorney General pursuant to the entry of this Consent Agreement; and 4) Defendants have otherwise fully complied with the terms of this Consent Agreement, including Paragraphs 14 through 18. "Pay in full" or "paid in full" mean that all amounts must be paid, and does not include any settlement, forgiveness, compromise, reduction, or discharge of any of the debts or refund obligations, unless otherwise agreed to in writing by Defendants and the Attorney General. Notwithstanding the terms of this Paragraph, Defendants may not engage in the business of, or act in the capacity of, a photographer or videographer, without written consent of the Attorney General or approval of the Court.

[¶12]   Notwithstanding the injunctive relief provided in Paragraph 11, *supra*, Jack Glasser or Jace Schacher may be employed by a photography or videography business that is not owned, operated, or managed by a family member or significant other. Jack Glaser and Jace Schacher, however, may not be employed in any management role for said photography or videography business, including if that management role creates or operates as a subterfuge for any ownership or otherwise constitutes or acts as a substitute for any ownership interest in said photography or videography business. Jack Glasser and Jace Schacher further may not engage in collecting any advance payments from consumers or in any other financial

Page **3** of **6**

transactions in operating or conducting said employer's photography or videography business.

[¶13]   Defendants, pursuant to N.D.C.C. § 51-15-07, are permanently enjoined from violating N.D.C.C. ch. 51-15.

[¶14]   Pursuant to N.D.C.C. § 51-15-11, Defendants Glasser Images and Jack Glasser agree that the Attorney General shall have Judgment against them, jointly and severally, in the amount of Twenty-Five Thousand and no/100 Dollars ($25,000.00) for civil penalties. Glasser Images and Jack Glasser further expressly agree that the civil penalty shall be non-dischargeable under 11 U.S.C. § 523(a)(7) and agree that this term is subject to the terms of Paragraph 11, *supra*.

[¶15]   Pursuant to N.D.C.C. § 51-15-11, Defendant Jace Schacher agrees that the Attorney General shall have Judgment against him in the amount of Five Thousand and no/100 Dollars ($5,000.00) for civil penalties. Jace Schacher further expressly agrees that the civil penalty shall be non-dischargeable under 11 U.S.C. § 523(a)(7) and agrees that this term is subject to the terms of Paragraph 11, *supra*.

[¶16]   Pursuant to N.D.C.C. § 51-15-07, Defendants Glasser Images and Jack Glasser agree and consent to the entry of a monetary judgment against them in the amount of $767,188 as restitution for work not completed or performed and unpaid amounts owed to independent contractors.

[¶17]   Pursuant to N.D.C.C. § 51-15-07, Defendant Jace Schacher agrees and consents to the entry of a monetary judgment against him in the amount of $40,000 as restitution for work not completed or performed and unpaid amounts owed to independent contractors.

[¶18]  Pursuant to N.D.C.C. § 51-15-07, Defendants Glasser Images and Jack Glasser agree that they shall deliver previously undelivered photographs or video recordings in their possession to consumers identified to them by the Attorney General contemporaneously with execution of this Consent Agreement. If Defendants are unable to deliver photographs or video recordings to any consumer identified by the Attorney General, Defendants shall provide to the Attorney General an affidavit explaining their inability to complete delivery and their efforts to do so.

[¶19]  Defendants expressly agree that consumer restitution and corresponding judgment awarded to the State, as set forth in Paragraphs 14 through 17 shall be considered non-dischargeable under 11 U.S.C. §§ 523(a)(2)(A) and/or 523(a)(7).

[¶20]  Defendants agree to execute a stipulation in proceedings BK-22-30243 and BK-22-30244 expressly agreeing that consumer restitution and the corresponding judgment awarded to the State, as set forth in Paragraphs 14 through 17 of this Consent Agreement shall be considered non-dischargeable under 11 U.S.C. §§ 523(a)(2)(A) and/or 523(a)(7). Defendants further agree not to contest or object to any determination of non-dischargeability for consumers pursuant to an adversary complaint or proceeding brought or initiated by the Attorney General for a final determination by the Bankruptcy Court of non-dischargeability of consumer restitution.

[¶21]  The State agrees that the Attorney General will not make any other claims of non-dischargeability in Defendants' bankruptcy proceedings for any other claim the State may have under N.D.C.C. ch. 51-15.

[¶22]  Defendants agree violation of this Consent Agreement is a violation of N.D.C.C. § 51-15-02, for which the Attorney General may seek civil penalties, attorney's

fees, investigation costs, and any other additional relief allowed by law. Further, any violation of this Consent Agreement is also punishable as a contempt of court pursuant to N.D.C.C. ch. 27-10 and Defendants are subject to all other civil penalties and sanctions provided by law, including attorney's fees, investigation costs, and expenses.

[¶23]   Pursuant to this agreement the State waives the interest rate on the judgment as provided by N.D.C.C. § 28-20-34.

[¶24]   This Judgment entered shall be a Judgment for which execution may issue.

Signed: 1/27/2023 2:23:52 PM
**CLERK OF DISTRICT COURT**

*Jackie Keller*

08-2022-CV-00969