# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In Re:<br><br>Jack A. Glasser,<br><br>　　　　　　　　Debtor. | **Bankruptcy No.: 22-30244**<br><br>**Chapter 7** |
| Messiahic, Inc.<br>d/b/a PayJunction,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>Jack A. Glasser,<br><br>　　　　　　　Defendant. | **Adversary No. 23-07006** |

## MOTION TO CONTINUE TRIAL DATE

Plaintiff Messiahic, Inc. d/b/a PayJunction ("Plaintiff" or "PayJunction"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure Rule 6, hereby moves the Court to continue the trial date by approximately sixty days, or such later date as is convenient for the Court. As grounds for this Motion, Plaintiff states as follows:

　　1.　　Plaintiff initiated this adversary proceeding on May 12, 2023. (Dkt. 1.)

　　2.　　This Court entered a Scheduling and Discovery Order on July 25, 2023. (Dkt. 10.)

　　3.　　An Amended Scheduling and Discovery Order was entered on January 18, 2024, extending deadlines for discovery and dispositive motions. (Dkt. 14.)

　　4.　　Throughout February, March, and into April, Plaintiff attempted to resolve discovery disputes regarding Defendant's deficient written discovery responses and to schedule depositions with Defendant. (Declaration of Berly Nelson ("Nelson Decl."), ¶2.) Specifically, Plaintiff notified Defendant of the deficiencies within his discovery responses, met and conferred,

157343331.1

and attempted to resolve discovery issues without Court intervention prior to scheduling his deposition. (*Id.*)

5.  After this, Plaintiff attempted to schedule the Defendant's deposition, which took weeks given Defendant's delays. The parties eventually were able to come to an agreement and the Court granted the parties' request to extend the discovery deadline to complete depositions. (Dkt. 16 Order Granting Extension of Deposition Schedule.) Defendant's deposition occurred on April 12, 2024 (*Id.,* ¶3.)

6.  On March 20, 2024, counsel for Plaintiff checked the Court's calendar and confirmed that trial had only been scheduled for one day. Plaintiff's counsel contacted the Court to inquire about the trial date, which was previously designated by the parties to take four days. (*Id.,* ¶4.) On March 20, 2024, this Court entered an Amended Final Pretrial Order setting a trial date commencing on June 4, 2024, to now last four days. (Dkt. 17.)

7.  Plaintiff made multiple efforts in later March and into April by way of phone calls and emails to confer with Defendant about the issue of stipulating to extend the trial date. However, after discussing the same, an agreement could not be reached. (*Id.,* ¶5.)

8.  Plaintiff will be unable to practically move for dispositive relief prior to the April 30, 2024 deadline, given the deposition schedule and the need to receive testimony from Defendant, and to be able to secure the deposition transcript for use in its briefing. (*Id.,* ¶6.)

9.  The current schedule for dispositive motions makes a June 4, 2024 trial date impractical. The parties have until April 30, 2024 to file summary judgment motions as to all or part of the case. (Dkt. 14.) This Court will need time to rule on the summary judgment motions, which may resolve some or all of the issues in this case. For example, Plaintiff intends to move for summary judgment or partial summary adjudication, among other things, on the grounds that

157343331.1

Defendant's stipulated judgment of nondischargeability in favor of the Attorney General entered on February 17, 2023, based on consumer fraud pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(7) is binding on Defendant and entitled to preclusive effect, such that Plaintiff's claim is similarly nondischargeable as many of those same consumers who were victims of Defendant's fraud as set forth in the stipulated judgment of nondischargeability commenced chargebacks against PayJunction.  A determination of these issues will materially advance the outcome of the litigation, save judicial resources and reduce litigation expenses by enabling the Court and the parties to focus on those issues remaining after adjudication of the motion for summary judgment. (*Id.,* ¶7.)

10.     Absent a determination on what the final issues will be post-summary judgment, the parties cannot meaningfully prepare for trial. Continuing the trial date will save judicial and party resources by concentrating focus on the issues not resolved by summary judgment. Accordingly, Plaintiff requests the Court continue the trial date by approximately sixty days or such later date that is convenient for the Court.

11.     Pursuant to the federal rules and rules of this Court, after several attempts by Plaintiff, the parties did meet and confer on the issue of continuing the trial but were unable to reach a resolution. As such, Plaintiff moves for relief in the form of a sixty-day extension of the trial date.

12.     Plaintiff makes this Motion in good faith and not for purposes of delay.

13.     No prior extension of the trial date has been requested or granted.

157343331.1

**WHEREFORE**, the Plaintiff respectfully requests the Court grant its Motion to continue the trial deadline by approximately sixty days or such later date as is convenient for the Court.

Dated: April 12, 2024

/s/Berly D. Nelson
Berly D. Nelson (ND #05903)
SERKLAND LAW FIRM
10 Roberts Street North
Fargo, ND 58102-4982
Phone: 701.232.8957
Fax: 701.237.4049
bnelson@serklandlaw.com

/s/ Robert F. Elgidely
Robert F. Elgidely (pro hac vice)
Fox Rothschild LLP
2 South Biscayne Boulevard, Suite 2750
Miami, Florida, 33131
Phone: (305)442-6543
Fax: (305) 442-6541
RElgidely@foxrothschild.com

***Attorneys For Plaintiff***
***Messiahic, Inc. d/b/a PayJunction***

4

157343331.1