## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In Re:<br><br>Jack A. Glasser,<br>　　　　　　　　Debtor. | **Bankruptcy No.: 22-30244**<br>**Chapter 7** |
| Messiahic, Inc.<br>d/b/a PayJunction,<br><br>　　　　　　　　Plaintiff,<br>　vs.<br><br>Jack A. Glasser,<br>　　　　　　　　Defendant. | **Adversary No. 23-07006** |

### DECLARATION OF BERLY NELSON

I, Berly Nelson, declare as follows:

1. I am a licensed attorney in the State of North Dakota at the Serkland Law Firm, and am one of the attorneys representing Plaintiff Messiahic, Inc. d/b/a PayJunction ("Plaintiff" or "PayJunction"). I am providing this Declaration based on my personal and other knowledge. I am over the age of eighteen and am competent to provide this Declaration. I submit this Declaration in support of Plaintiff's Motion to Continue Trial.

2. Throughout February, March, and into April 2024, I, along with my co-counsel attempted to resolve various discovery disputes and schedule depositions with Defendant. Specifically, we notified Defendant's counsel of the deficiencies within Defendant's discovery responses, my co-counsel met and conferred with Defendant's counsel, and attempted to resolve discovery issues with Defendant's counsel without Court intervention.

3. After the meet and confer on the written discovery issues, we made multiple attempts via phone calls, voice messages, and emails to schedule the Defendant's deposition, which ultimately took weeks given Defendant's delays. The parties eventually were able to come to an agreement and the Court granted the parties' request to extend the discovery deadline to complete depositions. Defendant's deposition occurred on April 12, 2024.

4. On March 20, 2024, my office inquired with the Court's calendar and confirmed that the trial had only been scheduled for one day.  My office contacted the Court to inquire about the trial date, which was previously designated by the parties to take four days.  On March 20, 2024, this Court entered an Amended Final Pretrial Order setting a trial date commencing on June 4, 2024, to now last four days.

5. I made multiple efforts in later March and into April by way of phone calls and emails to confer with Plaintiff about the issue of stipulating to extend the trial but after discussing the same an agreement could not be reached.

6. Plaintiff will be unable to practically move for dispositive relief prior to the April 30, 2024 deadline, given the deposition schedule and the need to receive testimony from Defendant, and to be able to secure the deposition transcript for use in its briefing.

7. The current schedule for dispositive motions makes a June 4, 2024 trial date impractical. The parties have until April 30, 2024 to file summary judgment motions as to all or part of the case. (Dkt. 14.) This Court will need time to rule on the summary judgment motions, which may resolve some or all of the issues in this case.  For example, Plaintiff intends to move for summary judgment or partial summary adjudication, among other things, on the grounds that Defendant's stipulated judgment of nondischargeability in favor of the Attorney General entered on February 17, 2023, based on consumer fraud pursuant to 11 U.S.C. §§ 523(a)(2)(A) and

523(a)(7) is binding on Defendant and entitled to preclusive effect, such that Plaintiff's claim is similarly nondischargeable as many of those same consumers who were victims of Defendant's fraud as set forth in the stipulated judgment of nondischargeability commenced chargebacks against PayJunction. A determination of these issues will materially advance the outcome of the litigation, save judicial resources and reduce litigation expenses by enabling the Court and the parties to focus on those issues remaining after adjudication of the motion for summary judgment.

8. Plaintiff makes its request in good faith and as an attempt to get a determination on the final issues in the case through summary judgment prior to preparing for trial.

9. No prior extension of the trial date has been requested or granted to my knowledge.

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct to the best of my knowledge.

Dated: April 12, 2024

*/s/Berly D. Nelson*
Berly D. Nelson (ND #05903)
SERKLAND LAW FIRM
10 Roberts Street North
Fargo, ND 58102-4982
Phone: 701.232.8957
Fax: 701.237.4049
bnelson@serklandlaw.com
**Attorney For Plaintiff**
**Messiahic, Inc. d/b/a PayJunction**

157343484.1