# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re:<br><br>Jack A. Glasser,<br><br>        Debtor. | Case No: BK-22-30244<br><br>Chapter 7 |
| Messiahic, Inc. d/b/a PayJunction,<br><br>        Plaintiff,<br>vs.<br><br>Jack A. Glasser,<br><br>        Defendant. | Adversary Proceeding No. 23-07006 |

**DEFENDANT'S BRIEF IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

   On or about August 14, 2022 Debtor/Defendant, Jack A. Glasser ("Mr. Glasser") filed a Chapter 7 bankruptcy petition. On or about May 12, 2023 Plaintiff, Messiahic, Inc. d/b/a PayJunction ("PayJunction"), filed the pending Adversary Complaint. The Complaint set forth claims for nondischargeability in accordance with Sections 523(a)(2)(A) and 523(a)(6) of the Bankruptcy Code. See, Compl. Doc. 1, ¶1. Mr. Glasser now moves for summary judgment, and requests this Court to grant summary judgment in favor of Mr. Glasser, as PayJunction has failed to produce evidence of false pretenses, a false representation or actual fraud, or any willful and malicious injury by Mr. Glasser against PayJunction.

1

## STATEMENT OF FACTS

Mr. Glasser previously owned and operated Glasser Images, LLC ("Glasser Images"). Compl. ¶4.[1] PayJunction provided credit card processing services for Glasser Images pursuant to a Merchant Services Agreement. Id. Mr. Glasser executed a merchant application and guaranty with PayJunction on October 12, 2013. Id., ¶26. On December 4, 2017, Mr. Glasser, on behalf of Glasser Images, executed a new Merchant Application in connection with a rate review which incorporated certain Terms and Conditions. Id., ¶ 27. See also, Exhibit A to Compl. (Merchant Application) Doc 1-1 & Exhibit B to Compl. (Terms and Conditions) Doc. 1-2. As a part of this application, Mr. Glasser also executed a personal guaranty under which he guaranteed payment of all obligations of Glasser Images under the Merchant Services Agreement. Compl. ¶ 28 & Ex. A.

The Application completed by Mr. Glasser in 2017 indicated that Glasser Images customers were billed "upon order" of it services. Ex. A.  Cardholder customers who enter into credit card transactions with merchants, such as Glasser Images, are entitled to dispute, or question, a charge when a product or service is not delivered as promised. Compl. ¶31. A merchant, such as Glasser Images, has the right to respond to such customer disputes, should the merchant believe it was submitted in error and that the merchant can prove the product/service has been (or will be) provided. Id. ¶36. A merchant's failure to respond within the timeframe will render the chargeback as valid, causing the debit to the merchant's account (or independent sales organization's account, if the merchant's account had insufficient funds). Id.

As part of the Terms & Conditions, PayJunction had the right to require Glasser Images to maintain a Settlement Account and set a minimum balance for the same. Ex. B.  The Terms & Conditions further provided that PayJunction could debit such Settlement Account to recover

---

[1] PayJunction's Complaint is cited to, because even if these cited allegations are accepted as true, Mr. Glasser is still entitled to judgment as a matter of law.

2

"other amounts" owed to PayJunction. Id. However, PayJunction never requested and/or required Glasser Images to maintain any minimum balance. See Ex. 1 to O'Keeffe Affidavit, PayJunction Responses to Glasser's Interrogatories, p.10-11.  Additionally, the Terms & Conditions provided "As a condition for providing Card Program services, [Glasser Images] may, at [PayJunction's] discretion, be required to provide additional collateral security for [Glasser Images'] obligations…" Ex. B. However, PayJunction did not require Glasser Images to provide any collateral security other than the personal guarantee of Jack Glasser. See Ex. 1 to O'Keeffe Aff. p.11-12.

Following the closing of Glasser Images in 2021, PayJunction asserts it has paid $934,046.85 in refunds to return 552 credit card payments disputed Glasser Images customers. See, Compl. ¶¶39 – 40.  Glasser Images was unable to timely and/or rightfully respond to these customer disputes. PayJunction then obtained a judgment against Glasser Images in Georgia District Court in the amount of $977,241.14, which PayJunction now asserts is non-dischargeable. Compl. ¶46. The Georgia Order Granting Default Judgment makes no findings of false pretenses, false representations or actual fraud, or any willful and malicious injury by Mr. Glasser against PayJunction.   See Ex. 2 to O'Keeffe, Order Granting Default Judgment.

**LAW & ARGUMENT**

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A court reviewing a summary judgment motion reviews the record in the light most favorable to the nonmoving party. Ryan v. Capital Contractors, Inc., 679 F.3d 772, 776 (8th Cir. 2012). However, because of the difficulty of proving a negative, a moving party's "burden . . . may be discharged by 'showing'—that is,

3

pointing out . . . that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325; City of Mt. Pleasant, Iowa v. Assoc. Elec. Cooperative, Inc., 838 F.2d 268, 273 (8th Cir. 1988) (The burden on the moving party "is only to demonstrate, i.e., to point out . . ., that the record does not disclose a genuine dispute on a material fact." (citation, alterations, and internal quotation marks omitted)). "[T]he nonmoving party must set forth specific facts sufficient to raise a genuine issue for trial and cannot rest on allegations in the pleadings.'" Ryan, 679 F.3d at 776 (quoting Nw. Airlines, Inc. v. Astraea Aviation Servs., Inc., 111 F.3d 1386, 1393 (8th Cir. 1997) (internal marks omitted) (citing Celotex, 477 U.S. at 324)); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." (citations omitted)).

Here, PayJunction lacks evidence supporting its allegations of false pretenses, false representation or actual fraud, or any willful and malicious injury by Mr. Glasser, against PayJunction. Therefore, Mr. Glasser is entitled to summary judgment as a matter of law.

**I. Dischargeability under Section 523(a)(2)(A)**

PayJunction, in its Complaint, alleges that Section 523(a)(2)(A) of the Bankruptcy Code renders Mr. Glasser's debts nondischargeable. Section 523(a)(2)(A) exempts from discharge any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

PayJunction further asserts within its Complaint that the doctrine of collateral estoppel applies to this adversary action, for purposes of determining nondischargability under Section 523(a)(2)(A). Compl. ¶¶ 58 & 172.

> The party asserting collateral estoppel has the burden of proving the following elements:

4

(1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit;

(2) the issue sought to be precluded must be the same as the issue involved in the prior action;

(3) the issue sought to be precluded must have been actually litigated in the prior action;

(4) the issue sought to be precluded must have been determined by a valid and final judgment; and

(5) the determination in the prior action must have been essential to the prior judgment.

In re Johnson, 584 B.R. 895, 901 (Bankr. D.N.D. 2018).

Mr. Glasser contends that for purposes of collateral estoppel, PayJunction was not a party, nor in privity with a party, in the matter of State of North Dakota Ex Rel. Drew H. Wrigley, Attorney General vs. Glasser Images, LLC, et al., Case No. 08-2022-CV-00969 in the District Court for the South-Central Judicial District. PayJunction claims it stands "in the shoes of the defrauded consumers under the Merchant Services Agreement." Compl. ¶ 53. The Consent Judgment entered in the District Court of North Dakota provides:

a. The Glasser Defendants are adjudged in violation of the consumer fraud law, N.D.C.C. § 51-15-02, for engaging in deceptive acts or practices, fraud, false pretense, false promise, or misrepresentations;
b. The Glasser Defendants admitted that with the intent that other rely, they engaged in acts or practices constituting violations of the consumer fraud law, N.D.C.C. § 51-15-02;

Compl. ¶ 50.

N.D.C.C. § 51-15-02 provides:

The act, use, or employment by any person of any deceptive act or practice, fraud, false pretense, false promise, or misrepresentation, with the intent that others rely thereon in connection with the sale or advertisement of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, is declared to be an unlawful practice. The act, use, or employment by any person of any act or practice, in connection with the sale or advertisement of any merchandise, which is unconscionable or which causes or is likely to cause substantial injury to a person which is not reasonably avoidable by the injured person and not outweighed by

5

countervailing benefits to consumers or to competition, is declared to be an unlawful practice.

Contrary to PayJunction's assertions, it does not stand in the shoes of the consumer for purposes of the Consent Judgment which has been entered in the State District Court. Although it failed to take its rightful actions to protect itself, or avoid monetary loss, under the Terms and Conditions to the Merchant Services Agreement, PayJunction asserts it has suffered just as the consumers of Glasser Images. However, PayJunction's interests and the interests of the consumers are in direct conflict with one another, with respect to the issue of the chargebacks. PayJunction, a for-profit business is not afforded the same protections as a consumer under N.D.C.C. § 51-15-02. Therefore, PayJunction cannot establish the first element necessary for the application of collateral estoppel. PayJunction was not a party to the State District Court Claim, and was not in privity with any party to the same.

Failing to establish the first element alone prohibits the application of collateral estoppel. Should the Court disagree, Mr. Glasser does further assert that the second element is also unmet. The second element is whether the issues litigated in the prior proceeding are identical to the factual issues and claims in this adversary proceeding. In re Johnson, at 903.

There is no doubt some overlap exists with regard to the facts of these two matters. However, the underlying issues in the case, are far from identical to the factual issues in the prior State District Court matter. The issues here are not limited to, but include the following: 1) whether Glasser Images, and/or Mr. Glasser had the right and/or ability to respond to the customer disputes/chargeback requests, 2) could Glasser Images, and/or Mr. Glasser believe that such disputes/chargeback requests were submitted in error; 3) could Glasser Images, and/or Mr. Glasser prove that the product(s) and/or service(s) had been (or would be) provided; and 4) was any damage suffered by PayJunction avoidable by PayJunction.

6

Furthermore, in order to succeed on its Section 523(a)(2)(A) claim, PayJunction must prove each of the following elements by a preponderance of the evidence: (1) Jack Glasser made a representation; (2) with knowledge of its falsity; (3) deliberately for the purpose of deceiving PayJunction; (4) who justifiably relied on the representation, which (5) proximately caused PayJunction damage. See, In re Johnson, at 905.

These issues are not identical to the issues determined in the State District Court, and they have not been previously litigated or decided. Additionally, Mr. Glasser contends there is an absence of evidence to support PayJunction's claims herein. This assertion is further supported by the absence of any findings of false pretenses, false representations or actual fraud by Mr. Glasser against PayJunction in the Georgia Court's Order Granting Default Judgment. Ex. 2. As such, Mr. Glasser is entitled to summary judgment as a matter of law on PayJunction's claim of nondischargability pursuant to Section 523(a)(2)(A) of the Bankruptcy Code.

**II. Dischargeability under Section 523(a)(6)**

PayJunction next alleges that Section 523(a)(6) of the Bankruptcy Code renders Mr. Glasser's debts nondischargeable. Section 523(a)(6) exempts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another." 11 U.S.C.§ 523(a)(6). For an injury to be willful, "the Eighth Circuit of Appeals has held that the term embodies an awareness which is 'headstrong and knowing.' Conduct that is merely negligent or reckless is insufficient." First Nat'l Bank of McClusky v. Zinke (In re Zinke), 174 B.R. 1017, 1022 (Bankr. D.N.D. 1994) (citations omitted). "'A malicious conversion envisions a tort with aggravating features which warrants a deduction that the act transcends a minimal or technical wrongdoing and evinces a willingness to voluntarily inflict injury.'" Id. at 1022-23 (citation omitted). "The malice element therefore tests whether the debtor's actions were in fact, or should

7

have reasonably been recognized to be, certain to cause financial harm to the plaintiff when undertaken." Id. at 1023 (citation omitted).

> To prevail under § 523(a)(6) a creditor must prove: (1) either he or his property sustained an injury; (2) the injury was caused by the debtor; (3) the debtor's actions were "willful;" **and** (4) the debtor's actions were "malicious." In re Deerman, 482 B.R. 344, 369 (Bankr. D.N.M. 2012). See also Panalis v. Moore (In re Moore), 357 F.3d 1125, 1129 (10th Cir. 2004) (debtor's actions that caused the injury must be both willful and malicious). To be willful, a debtor must have intended both the act and the resulting harm. Kawaauhau v. Geiger, 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998) ("The word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury."). The required intent includes the belief that the injury is "substantially certain to result." Via Christi Reg'l Med. Ctr. v. Englehart (In re Englehart), 2000 WL 1275614, at *3 (10th Cir. 2000) (quoting Geiger v. Kawaauhau, 113 F.3d 848, 852 (8th Cir. 1997), affirmed, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90).
> The Tenth Circuit follows a subjective standard in determining whether a defendant injured a plaintiff willfully. Englehart, 2000 WL 1275614, at *3 (the "'willful and malicious injury' exception to dischargeability in § 523(a)(6) turns on the state of mind of the debtor, who must have wished to cause injury or at least believed it was substantially certain to occur."). See also In re Cain, 2014 WL 5852152, at *3 (D. Colo.) (quoting Englehart); Mitsubishi Motors Credit of America, Inc. v. Longley (In re Longley), 235 B.R. 651, 657 (10th Cir. BAP 1999) (intent means that the actor desires to cause consequences of his act or believes the consequences are substantially certain to result from it).
> For a debtor's actions to be malicious, it must be intentional, wrongful, and done without justification or excuse. Deerman, 482 B.R. at 369 (citing Bombardier Capital, Inc. v. Tinkler, 311 B.R. 869, 880 (Bankr. D. Colo. 2004)).

In re Bolles, 593 B.R. 832, 843–44 (Bankr. D.N.M. 2018).

The Court in Bolles, reached the conclusion "that claims for money, property, services, or extension of credit obtained by fraud are governed by § 523(a)(2)(A), while claims for injury to persons or property caused by fraud are governed by § 523(a)(6). Id. at 845.

PayJunction has failed to provide evidence of willful and malicious injury to PayJunction as a result of any action by Mr. Glasser. Even accepting PayJunction's evidence as true, any damage suffered to PayJunction pursuant to the Merchant Services Agreement was not a willful and malicious injury. Again, this assertion is further supported by the absence of any findings of

8

willful and malicious injury in the Georgia Court's Order Granting Default Judgment. Ex. 2. Mr. Glasser is entitled to summary judgment as a matter of law on PayJunction's claim of nondischargability pursuant to Section 523(a)(6) of the Bankruptcy Code.

## CONCLUSION

For the foregoing reasons Mr. Glasser requests entry of summary judgment in his favor.

Dated this 30th day of April, 2024.

                O'KEEFFE O'BRIEN LYSON LTD.

                */s/ Timothy O'Keeffe*
                Timothy O'Keeffe (ND ID. #05636)
                720 Main Avenue
                Fargo, ND 58103
                Phone: (701) 235-8000
                Fax: (701) 235-8023
                tim@okeeffeattorneys.com
                Attorney for Defendant