**EXHIBIT 1**

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re:<br><br>Jack A. Glasser,<br><br>                                  Debtor. | Case No.: BK-22-30244<br><br>Chapter 7 |
| Messiahic, Inc. d/b/a PayJunction,<br><br>                                  Plaintiff,<br><br>vs.<br><br>Jack A. Glasser,<br><br>                                  Defendant. | Adversary Proceeding No. 23-07006 |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S**
**FIRST SET OF INTERROGATORIES**

**TO:** Defendant Jack A. Glasser and his attorneys Timothy M. O'Keefee, 720 Main Avenue, Fargo, ND 58103:

PLEASE TAKE NOTICE that pursuant to Rules 26 and 33 of the Minnesota Rules of Civil Procedure, Plaintiff Messiahic, Inc. d/b/a PayJunction, ("Plaintiff" or "PayJunction") hereby responds to Defendant Jack A. Glasser's ("Glasser" or "Defendant") First Set of Interrogatories as follows:

## **PRELIMINARY STATEMENT**

1. The following responses are made solely by Plaintiff and solely for the purposes of this action. The following responses are based on information presently known to Plaintiff following a reasonably diligent investigation. Said responses are at all times subject to additional or different information that discovery or further investigation may disclose, and, while based on the present state of recollection, are subject to refreshing of recollection, and such knowledge or facts as may result from further investigation by Plaintiff or his counsel.

2. The following responses are made without in any way waiving or intending to waive:

   a. All questions as to competency, relevancy, materiality, privilege and admissibility as evidence for any purpose of the responses or subject matter thereof, in any subsequent proceeding in, or the trial of, this or any other action;

   b. The right to object at any time to the use of any of said responses, or their subject matter, in any subsequent proceeding in this or in any other action;

   c. The right to object on any ground at any time to a demand or request for further response to this or any other Interrogatory, or other discovery procedures involving or relating to the subject matter of these Interrogatories; and

   d. The right at any time to revise, correct, add to, supplement, or clarify any of the responses herein.

3. No incidental or implied admissions are intended by the following responses. The fact that Plaintiff has responded or objected to an Interrogatory is not, and shall not be construed

2

as, an admission that Plaintiff accepts or denies the existence of any fact or position set forth or assumed by such Interrogatory. That Plaintiff has answered all or part of any Interrogatory is not intended to be, and shall not be construed to be, a waiver by Plaintiff of any part of any objections or any Interrogatory.

4. Plaintiff has made, and will continue to make, reasonable efforts to respond to the Interrogatories, to the extent no objection is made, as Plaintiff understands and interprets each Interrogatory. If Defendant subsequently asserts any interpretation of any Interrogatory that differs from Plaintiff's interpretation, Plaintiff reserves the right to supplement and/or amend its objections and responses.

5. In Plaintiff's objections, the terms "and" and "or" are intended to be construed conjunctively and disjunctively as necessary to make the objections inclusive rather than exclusive.

## GENERAL OBJECTIONS

1. Plaintiff objects to each instruction, definition, and Interrogatory to the extent that it encompasses and/or seeks information that is protected by the attorney-client privilege, work product immunity, joint defense or common interest privilege, and/or any other applicable privilege, doctrine, or restriction upon discovery.

2. Plaintiff objects to each instruction, definition, and Interrogatory to the extent that it purports to impose any requirement or discovery obligation on Plaintiff other than those set forth in the Minnesota Rules of Civil Procedure, and Plaintiff responds to the Interrogatories in accordance with those rules.

3. Plaintiff objects to each instruction, definition and Interrogatory to the extent that it is unduly burdensome, overly broad, vague, ambiguous, not relevant to the claims or defenses of any party asserted in this litigation, and/or not proportional to the needs of the case.

3

4. Plaintiff specifically objects to Defendant's definition of "Audit," as Pharma Buddies was terminated pursuant to an investigation.

5. Plaintiff specifically objects to Defendant's definitions the terms "You," "Your," and "Plaintiff," as overbroad to the extent the definition purports to include Prime's agents, representatives, and assigns. Plaintiff objects to these Interrogatories to the extent they purport to seek information from anyone other than Plaintiff. For purposes of its responses, Prime shall interpret the definitions of "You," "Your," and "Plaintiff," to be Plaintiff.

6. Plaintiff objects to each instruction, definition, and Interrogatory to the extent that it purports to seek information or documents that are (a) not in Plaintiff's custody, possession, or control, (b) publicly available, and/or (c) equally accessible to Defendant.

7. Plaintiff objects to each Interrogatory as premature to the extent that it seeks information that is the subject of expert testimony.

8. Plaintiff objects to each Interrogatory to the extent that Plaintiff would have to draw a legal conclusion or engage in legal analysis in order to respond.

9. Plaintiff objects to each instruction, definition, and Interrogatory to the extent that it requires the attribution of any special or unusual meaning to any terms or phrases different from its ordinary English meaning or definitions set forth in applicable statutes or rules.

10. Plaintiff objects to each instruction, definition, and Interrogatory to the extent that it would impose a duty on Plaintiff to undertake a search for, or an evaluation of, information, documents, or things for which Defendant is equally able to search for and evaluate.

11. Plaintiff objects to each Interrogatory to the extent that it seeks information and/or the identity of documents which are vague and ambiguous.

4

12. Plaintiff objects to each Interrogatory to the extent that it seeks to discover information or documents used in preparing these responses on the grounds that such Interrogatories are overly broad, unduly burdensome, oppressive and seek evidence that is not relevant to the claims or defenses asserted in this litigation and/or not proportional to the needs of the case, and seeks work product and privileged information or information prepared in anticipation of litigation.

13. Plaintiff objects to any Interrogatory to the extent that it is compound and contains multiple discrete Interrogatories. Such compound Interrogatories constitute an inappropriate effort to circumvent the limit on the number of Interrogatories that each side may serve. Plaintiff fully reserves its right to refuse to answer any Interrogatory (counting sub-parts) over the applicable limit on the number of Interrogatories.

14. Plaintiff objects to each Interrogatory to the extent that it requests "all" information, "all" facts, "all" communications, "all" reports, "all" records, or similar phrases, on the grounds that such requests are overly broad, unduly burdensome, and oppressive.

15. Plaintiff objects to each Interrogatory to the extent that it is not reasonably or meaningfully limited in time and, therefore, is overly broad, unduly burdensome, and oppressive.

16. Plaintiff objects to each Interrogatory to the extent it is outside of and exceeds the scope of disclosure required by the Minnesota Rules of Civil Procedure.

17. Subject to and without waiver of the preceding General Objections, Plaintiff responds and asserts specific objections in response to Defendant's First Set of Interrogatories:

5

## INTERROGATORIES

1.      Have you or any persons made any statements, written or oral, or have any persons been interviewed or questioned by you, your attorneys, or anyone else acting for or on your behalf in connection with the occurrence which is the subject matter of this lawsuit? If so, for each instance, provide the following:

   a.   the identity of the person interviewed or making the statement;

   b.   the date and place of the interview or statement;

   c.   whether the statement was written, oral or otherwise;

   d.   if written, whether the statement was signed or unsigned;

   e.   the identity of the person taking the statement or interview;

   f.   the relationship of the person giving the statement or interview to the defendant;

   g.   the identity of each person presently having custody or control of each written statement; and

   h.   the substance of the statement or interview.

**RESPONSE:**

In addition to the General Objections set forth above, Plaintiff objects to this Request as overly broad and unduly burdensome and because it fails to comport with the factors of proportionality as required by Federal Rules of Civil Procedure as it seeks information already in the possession of Defendants or other related parties. Plaintiff further objects to this Request to the extent it seeks Documents and Communications subject to the attorney-client and/or work product privilege.

Subject to and without waiving its objections, and as it understands this Request as written, Plaintiff states it has not conducted interviews related to this matter other than its attorneys attending public hearings and meetings throughout the underlying bankruptcy and asking questions. It is unaware of any other statements or interviews at this time and is not in possession

6

of any witness statements or interview notes at this time, other than any statements or interviews produced by Defendant.

2. Identify any and all admissions or declarations made relative to the issues present in this lawsuit and state what the admission was, when it was made, who made it, and who heard it.

**RESPONSE:**

In addition to the General Objections set forth above, Plaintiff objects to this Request as overly broad and unduly burdensome and because it fails to comport with the factors of proportionality as required by Federal Rules of Civil Procedure as it seeks information already in the possession of Defendants or other related parties. Plaintiff further objects to this Request to the extent it seeks Documents and Communications subject to the attorney-client and/or work product privilege.

Subject to and without waiving its objections, and as it understands this Request as written, Plaintiff states that it cannot provide an answer to this Interrogatory until it is narrowed. Plaintiff is willing to meet and confer to narrow the scope of this Interrogatory.

3. State for each and every person you expect to call as a witness at the time of trial his or her identity, the subject matter about which the witness is expected to testify, the substance of the facts and opinions about which the witness is expected to testify, and the relationship, if any, of the witness to you.

**RESPONSE:**

In addition to the General Objections set forth above, Plaintiff objects to this Request as overly broad and unduly burdensome and because it fails to comport with the factors of proportionality as required by Federal Rules of Civil Procedure as it seeks information already in the possession of Defendants or other related parties. Plaintiff further objects to this Request to the extent it seeks Documents and Communications subject to the attorney-client and/or work product privilege.

7

Subject to and without waiving its objections, and as it understands this Request as written, Plaintiff states that it intends to call Jack Glasser and Jace Schacher as witnesses. Plaintiff will provide a fulsome list of witnesses, to the extent any more will be called, at the time dictated by the Pre Trial Scheduling Order or any other direction from the Court.

4. Have you submitted any open records requests to any federal, state or local governmental agency including, but not limited to, any Attorney General office, which in any way relates to Glasser Images, Jack Glasser and/or Jace Schacher? If so, provide the date(s) the request was made, the information that was requested, the information you received in response to each request, and the date(s) such information was received.

**RESPONSE:**

In addition to the General Objections set forth above, Plaintiff objects to this Request as overly broad and unduly burdensome and because it fails to comport with the factors of proportionality as required by Federal Rules of Civil Procedure as it seeks information already in the possession of Defendants or other related parties. Plaintiff also objects to this Request as vague as it is not clear what an open records request is defined as. Plaintiff further objects to this Request to the extent it seeks Documents and Communications subject to the attorney-client and/or work product privilege.

Subject to and without waiving its objections, and as it understands this Request as written, Plaintiff states none.

5. On or about October 27, 2021, Plaintiff stated to the Defendant and/or his representatives that it had compiled a spreadsheet containing the cardholder names associated with each chargeback it had received for Glasser Images. If you contend that this complete spreadsheet was ever provided to the Defendant and/or his attorneys prior to the date of this Interrogatory, then state the date such spreadsheet was provided.

**RESPONSE:**

In addition to the General Objections set forth above, Plaintiff objects to this Request as overly broad and unduly burdensome and because it fails to comport with the factors of proportionality as required by Federal Rules of Civil Procedure as it seeks information already in

8

the possession of Defendants or other related parties. Plaintiff further objects to this Request to the extent it seeks Documents and Communications subject to the attorney-client and/or work product privilege.

Subject to and without waiving its objections, and as it understands this Request as written, Plaintiff states the spreadsheet was sent on October 27, 2021 by Matt Odirakallumkal to Tatum O'Brien.

6.      Describe in detail all actions taken by the Plaintiff which you contend to were made to mitigate the damages claimed within this lawsuit.

   **RESPONSE:**

In addition to the General Objections set forth above, Plaintiff objects to this Request as overly broad and unduly burdensome and because it fails to comport with the factors of proportionality as required by Federal Rules of Civil Procedure as it seeks information already in the possession of Defendants or other related parties. Plaintiff further objects to this Request to the extent it seeks Documents and Communications subject to the attorney-client and/or work product privilege.

Subject to and without waiving its objections, and as it understands this Request as written, Plaintiff states it took the following actions: made numerous resquests to Defendant to act on the chargeback requests and to provide information on what actions Defendant had taken. Defendant was non-responsive and did not assist with the process.

7.      Describe in detail all correspondence or conversations which took place between the Plaintiff and each and every cardholder, and/or cardholder's bank/association who submitted a chargeback request(s) between October 11, 2021 - September 8, 2022 with regard to prior payments made to Glasser Images.

   **RESPONSE:**

In addition to the General Objections set forth above, Plaintiff objects to this Request as overly broad and unduly burdensome and because it fails to comport with the factors of

9

proportionality as required by Federal Rules of Civil Procedure as it seeks information already in the possession of Defendants or other related parties. Plaintiff further objects to this Request to the extent it seeks Documents and Communications subject to the attorney-client and/or work product privilege.

Subject to and without waiving its objections, and as it understands this Request as written, Plaintiff states none.

8.  Identify and describe each and every document or other information relied upon by the Plaintiff in formulating the calculations and claims stated in Paragraph 15 of your Complaint, or which you otherwise contend supports the stated claims therein.

**RESPONSE:**

In addition to the General Objections set forth above, Plaintiff objects to this Request as overly broad and unduly burdensome and because it fails to comport with the factors of proportionality as required by Federal Rules of Civil Procedure as it seeks information already in the possession of Defendants or other related parties. Plaintiff further objects to this Request to the extent it seeks Documents and Communications subject to the attorney-client and/or work product privilege.

Subject to and without waiving its objections, and as it understands this Request as written, Plaintiff states it relied on documents produced by Defendant in his underlying bankruptcy pursuant to Federal Rule of Bankruptcy Procedure 2004, along with publicly filed information in the claims brought against Defendant by the North Dakota Attorney General. Plaintiff also analyzed its own internal documents related to chargebacks.

9.  From December 4, 2017 through October 14, 2021, state the minimum balance of funds that Plaintiff required Glasser Images to maintain in a Settlement Account as described in the Terms & Conditions of Merchant Application (Exhibit B to Plaintiff's Complaint), and note the date(s) that Glasser Images was instructed to make any changes to said minimum balance.

**RESPONSE:**

10

In addition to the General Objections set forth above, Plaintiff objects to this Request as overly broad and unduly burdensome and because it fails to comport with the factors of proportionality as required by Federal Rules of Civil Procedure as it seeks information already in the possession of Defendants or other related parties. Plaintiff further objects to this Request to the extent it seeks Documents and Communications subject to the attorney-client and/or work product privilege.

Subject to and without waiving its objections, and as it understands this Request as written, Plaintiff states that Exhibit B to the Complaint is a document that speaks for itself. Plaintiff further states that it does not typically require a minimum balance, so prior to October 2021, there would not have been a request for a minimum balance.

10. From December 4, 2017 through October 14, 2021, state and describe any additional collateral security that Plaintiff required of Glasser Images as described in the Terms & Conditions of Merchant Application (Exhibit B to Plaintiff's Complaint), provide the sum(s) and/or value of such additional collateral security made available to Plaintiff, and provide the specific time-periods that such securities were available to the Plaintiff.

**RESPONSE:**

In addition to the General Objections set forth above, Plaintiff objects to this Request as overly broad and unduly burdensome and because it fails to comport with the factors of proportionality as required by Federal Rules of Civil Procedure as it seeks information already in the possession of Defendants or other related parties. Plaintiff further objects to this Request to the extent it seeks Documents and Communications subject to the attorney-client and/or work product privilege.

Subject to and without waiving its objections, and as it understands this Request as written, Plaintiff states that Exhibit B to the Complaint is a document that speaks for itself. Plaintiff further

11

states that it does not typically require collateral, other than the personal guarantee as outlined in Exhibit B.

11. Attached as Exhibit A are instructions titled "How do I view and respond to chargebacks?" available on the Plaintiff's website. Do you contend that these instructions were the same instructions made available to Defendant in or around October of 2021? If not, please describe with specificity the differences between the instructions included in Exhibit A, and the instructions made available to Defendant in October of 2021.

**RESPONSE:**

In addition to the General Objections set forth above, Plaintiff objects to this Request as overly broad and unduly burdensome and because it fails to comport with the factors of proportionality as required by Federal Rules of Civil Procedure as it seeks information already in the possession of Defendants or other related parties. Plaintiff further objects to this Request to the extent it seeks Documents and Communications subject to the attorney-client and/or work product privilege.

Subject to and without waiving its objections, and as it understands this Request as written, Plaintiff states instructions are the same.

12. Attached as Exhibit B are instructions titled "How do I dispute a chargeback?" available on the Plaintiff's website. Do you contend that these instructions were the same instructions made available to Defendant in or around October of 2021? If not, please describe with specificity the differences between the instructions included in Exhibit B, and the instructions made available to Defendant in October of 2021.

**RESPONSE:**

In addition to the General Objections set forth above, Plaintiff objects to this Request as overly broad and unduly burdensome and because it fails to comport with the factors of proportionality as required by Federal Rules of Civil Procedure as it seeks information already in the possession of Defendants or other related parties. Plaintiff further objects to this Request to the extent it seeks Documents and Communications subject to the attorney-client and/or work product privilege.

12

Subject to and without waiving its objections, and as it understands this Request as written, Plaintiff states instructions are the same.

13. State with specificity each and every date on which you contend Plaintiff had direct contact with, or exchanged communications with Jace Schacher from December 4, 2017 through September 8, 2022.

**RESPONSE:**

In addition to the General Objections set forth above, Plaintiff objects to this Request as overly broad and unduly burdensome and because it fails to comport with the factors of proportionality as required by Federal Rules of Civil Procedure as it seeks information already in the possession of Defendants or other related parties. Plaintiff further objects to this Request to the extent it seeks Documents and Communications subject to the attorney-client and/or work product privilege.

Subject to and without waiving its objections, and as it understands this Request as written, Plaintiff states none.

13

Date: March 11, 2024

Respectfully submitted,

*Attorneys for the Plaintiff*

Serkland Law Firm
Berly D. Nelson
North Dakota Bar No. 05903
10 Robert St. N
P.O. Box 6017
Fargo, ND 58108
Telephone: (701) 232-8957
Email: bnelson@serklandlaw.com

Fox Rothschild LLP
2 South Biscayne Boulevard, Suite 2750
Miami, Florida, 33131
Telephone: (305)442-6543
Fax: (305) 442-6541

By: /s/ Robert F. Elgidely
Robert F. Elgidely, Esq.
Florida Bar No. 111856
E-Mail: RElgidely@foxrothschild.com

14