EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### COLUMBUS DIVISION

| | | |
|---|---|---|
| MESSIAHIC, INC., d/b/a PAYJUNCTION, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action |
| | ) | |
| v. | ) | No. 4:21-cv-204-CDL |
| | ) | |
| GLASSER IMAGES, LLC, and JACK GLASSER, | ) | |
| | ) | |
| Defendants. | ) | |

---

## ORDER GRANTING PLAINTIFF PAYJUNCTION'S MOTION FOR ENTRY OF DEFAULT JUDGMENT

Plaintiff Messiahic, Inc., d/b/a PayJunction ("PayJunction") has moved the Court for an Entry of Default Judgment pursuant to Federal Rules of Civil Procedure, Rule 55. The Court reviewed PayJunction's Motion for Entry of Default Judgment ("Motion") and corresponding Declarations of Matt Odirakallumkal and Gerald Chichester in support of damages sought in its Motion (ECF No. 19). As discussed below, the Motion is **GRANTED**.

## I.    PROCEDURAL BACKGROUND.

On November 12, 2021, PayJunction filed its Verified Complaint ("Complaint") in the above-captioned case. (ECF No. 1.) PayJunction also filed its

Emergency Motion for Preliminary Injunction on November 12, 2021 ("Emergency Motion"). (ECF No. 2.) PayJunction caused the Complaint and Emergency Motion to be served on Defendants Glasser Images, LLC ("Glasser Images") and Jack Glasser ("Glasser") (collectively, "Defendants"), and on Defendants' North Dakota counsel, Tim O'Keeffe of O'Keeffe O'Brien Lyson Ltd. Plaintiff's counsel further provided notice of the hearing on the Emergency Motion to Defendants and Mr. O'Keeffe. This Court held a hearing on the Emergency Motion on November 16, 2021. (ECF No. 3.) Defendants opted to not appear or request a continuance from the Court and the Court subsequently entered an Order granting the Emergency Motion on November 19, 2021. (ECF No. 14.) PayJunction served Defendants with a copy of the summons and Complaint on November 30, 2021. (*See* Affs. of Service, ECF No 16, 17.)[1]

Pursuant to Fed. R. Civ. P. 12(a)(1)(B), Defendants' responsive pleading to the Complaint was due on or before December 21, 2021, which was 21 days after service of the summons and Complaint. On December 22, 2021, pursuant to Fed. R.

---

[1] PayJunction promptly served Defendants with the Complaint (ECF No. 1) and Emergency Motion for Preliminary Injunction (ECF No. 2) on November 13, 2021. (*See* Affs. of Service, ECF No. 4, 5.) This Court issued the summons for Defendants on November 15, 2021. (*See* ECF No 6.) In compliance with Fed. R. Civ. P. 4(c), PayJunction served Defendants with a copy of the summons and Complaint on November 30, 2021. (*See* Affs. of Service, ECF No. 16, 17.)

Civ. P. 55(a), PayJunction filed its Application to the Clerk of this Court for Entry
of Default against the Defendants. (ECF No. 18.) The Clerk of this Court
subsequently entered default against Defendants on December 22, 2021. As of the
date of this Order, Defendants have failed to answer or otherwise plead in response
to the Complaint. Defendants have also failed to respond to the Motion.

## II.   STATEMENT OF FACTS.

PayJunction provides merchant card payment processing services to various
merchant entities across the country. (ECF No. 1, ¶ 6.) Glasser Images is a wedding
photography and videography company that specializes in wedding images and
videos. Glasser is the President of Glasser Images. (*Id.* at ¶ 7.) Glasser, on behalf of
Glasser Images, entered into the Merchant Services Agreement. A true and correct
copy of the Merchant Services Agreement is attached to the Complaint as Exhibit
"A." (*Id.* at ¶ 8.) Glasser also executed the Guaranty under which he guaranteed
payment of all obligations of Glasser Images under the Merchant Services
Agreement. (*Id.* at ¶ 9.)

Since Glasser Images abruptly terminated its business, Glasser Images has
incurred over $900,000 in unresolved chargeback liability with PayJunction. (*Id.* at
¶ 20.) (Declaration of Matt Odirakallumkal filed contemporaneously with the
Motion (the "Odirakallumkal Declaration").) Pursuant to the Operating Rules,

Glasser Images has a limited timeframe set by the issuing banks, which is generally seven (7) business days from receipt of a chargeback letter from an issuing bank/association, to respond to a chargeback dispute. If Glasser Images does not respond within this period, the chargeback is deemed valid, regardless of whether the chargeback is accurate or not. Therefore, timely responses to chargebacks are essential to avoid additional losses. (*Id.* at ¶ 21.)

Many of these chargebacks relate to the delivery of photographs and videos for weddings and other once-in-a-lifetime events that have already taken place. (*Id.* at ¶ 56.) The photographs and videos were taken at the event but have not been delivered to the consumer. (*Id.*) The chargeback only allows a consumer to obtain a refund of the amount paid by credit card, but consumers would prefer to have the photographs and videos that were taken at these events delivered to them. (*Id.*)

Although Defendants' counsel initially agreed to provide necessary information for PayJunction to assist Glasser Images in its response to chargebacks to PayJunction, Defendants and their counsel have essentially been nonresponsive to PayJunction's attempts to address the chargeback issues, resulting in PayJunction's continued accrual of damages every day that Glasser Images does not timely and properly respond to chargebacks. (*Id.* at ¶¶ 22-36.) Although Glasser Images, as the merchant, is legally required to respond to chargebacks, PayJunction

-4-

can monitor chargeback activity. Based on PayJunction's monitoring efforts, it appears that Glasser Images is not responding to many of the chargebacks within the required timeframe. (*Id.*) Without any response from Glasser Images, PayJunction's liability has ballooned from $720,000 to $900,000 since filing the Complaint. (*Id.* at ¶ 36.) (Odirakallumkal Declaration.)

According to PayJunction, it understands on information and belief that the North Dakota Attorney General's office has opened a consumer fraud investigation, and are awaiting a production from Glasser concerning the nature of his activities with regards to Glasser Images, his conduct, and all other relevant documents that pertain to the investigation. (*Id.* at ¶ 59.) The Attorney General's office's involvement further highlights the chargeback issue as a significant concern for the public as well as PayJunction. (*Id.*)

## III.   **LEGAL STANDARD.**

"The entry of a default judgment is appropriate '[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise.'" *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002) (quoting Fed. R. Civ. P. 55(a)). Fed. R. Civ. P. 55 establishes a two-step process for a party to secure a default judgment. First, the movant must obtain a

131465887.1

Clerk's entry of default by providing evidence "by affidavit or otherwise" that the opposing party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Second, after the Clerk has made an entry of default, the movant must file a separate motion under Fed. R. Civ. P. 55(b)(1) or (2).

"When considering a motion for default judgment, a court must investigate the legal sufficiency of the allegations and ensure that the complaint states a plausible claim for relief." *Hill for Credit Nation Cap., LLC v. Duscio*, 292 F. Supp. 3d 1370, 1375 (N.D. Ga. 2018) "An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). "Where a defendant fails to deny the facts as alleged in the complaint, the allegations are deemed admitted and there is 'no further burden upon the plaintiff to prove its case factually.'" *Am. Safety Cas. Ins. Co. v. Langley*, No. 1:13-CV-0335-SCJ, 2013 WL 12065417, at *2 (N.D. Ga. Nov. 22, 2013). Ultimately, "[t]he entry of a default judgment is committed to the discretion of the district court." *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1576 (11th Cir. 1985).

-6-

## IV.   **DISCUSSION**

### A.   **This Court Grants PayJunction's Motion for Default Judgment on the following claims: Count I – Breach of Contract against Glasser Images; Count II – Breach of Guaranty against Glasser; Count III – Injunctive Relief; and Count IV Attorney's Fees.**

#### a.   Jurisdiction.

The factual allegations in the Complaint and attached documents, deemed admitted by Defendants, establish that PayJunction is a California corporation, Glasser Images is a North Dakota limited liability company, and Glasser is an individual and a resident of Bismark, North Dakota. (ECF No. 1.) Therefore, the Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332. The allegations also show that the venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and the Parties have expressly consented to venue in this district. (*Id.*)

#### b.   Breach of Contract against Glasser Images.

"The elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." *SAWS at Seven Hills, LLC v. Forestar Realty, Inc.*, 342 Ga. App. 780, 784 (2017). A breach occurs if a contracting party repudiates or renounces liability under the contract; fails to perform the engagement as specified in the contract; or does some act that renders performance impossible. *UWork.com, Inc. v. Paragon Techs., Inc.*, 321 Ga. App. 584, 590 (2013). When a court construes

-7-

contractual terms to determine if a breach has occurred, "the cardinal rule of contract construction is to ascertain the intention of the parties." *Id.* And if the contractual terms are plain and unambiguous, those terms alone determine the parties' intent. *Id.*

The Court finds that PayJunction's claim for Breach of Contract against Glasser Images is legally sufficient and states a plausible claim for relief. The Merchant Services Agreement is a valid agreement between PayJunction and Glasser Images. (ECF No. 1, ¶ 39.) By failing to plead or otherwise respond, Glasser Images admits each fact in the Complaint including the material adverse change in Glasser Images' financial condition due to Glasser Images "closing its doors," Glasser Images terminating its business, the monthly ratio of Chargebacks to Transactions pursuant to the Merchant Services Agreement was excessive, Glasser Images being unable or unwilling to perform its duties under the Merchant Services Agreement, and one or more government entities initiating proceedings against Glasser Images. (*Id.*, ¶ 40-44.) These acts and omissions all constitute breaches of the Merchant Services Agreement and have caused damages to PayJunction.

### c. Breach of Guaranty against Glasser.

The Statute of Frauds requires that, to be enforceable, a promise to answer for another's debt "must be in writing and signed by the party to be charged therewith." O.C.G.A. § 13-5-30(a)(2). "This requirement has been interpreted to mandate further that a guaranty identify the debt, the principal debtor, the promisor, and the promisee." *Brzowski v. Quantum Nat. Bank*, 311 Ga. App. 769, 771 (2011). Here, this Court finds that PayJunction's claim for Breach of Guaranty against Glasser is legally sufficient and states a plausible claim for relief. Glasser executed the personal guaranty under which he guaranteed payment of all obligations of Glasser Images under the Merchant Services Agreement to PayJunction. (ECF No. 1, ¶ 48.) Glasser Images materially breached and defaulted under its obligations in the Merchant Services Agreement. (*Id.*, ¶ 50.) Therefore, Glasser is in breach of his personal guaranty by failing to pay the amounts due from Glasser Images to PayJunction under the terms of the Merchant Services Agreement. (*Id.*, ¶ 51.)

### d. Injunctive Relief.

"A district court may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party;

131465887.1

and (4) if issued, the injunction would not be adverse to the public interest." *FF
Cosms. FL, Inc. v. City of Miami Beach*, 866 F.3d 1290, 1298 (11th Cir. 2017). Here,
this Court granted PayJunction's Emergency Motion which requested the same
injunctive relief of Defendants as the Complaint. (ECF No. 14.) Specifically, this
Court found that PayJunction met all of the required elements to grant injunctive
relief, and ordered Glasser as follows:

1. Glasser is required to preserve any and all electronic or other data
that Defendants have in their possession, custody, or control, that
may be used to identify customers, customer agreements, payments
made to either of the Defendants, deadlines and delivery
requirements of the Defendants as well as websites controlled by the
Defendants, and customers expected to receive products or services
from any vendors of Glasser Images;

2. Glasser is required to deliver to PayJunction within five (5) days
access to its database or other storage device of customers and the
information described above in Section 1, including customer
agreements for all customers for which the Defendants have taken a
deposit for since January 1, 2019 (the likely beginning of when
deposits may have been taken for weddings delayed by COVID-19);
and

3. Glasser is required to respond to all chargebacks and retrievals when
received from the cardholders' issuing bank or financial institution
before the response date noted in each notice. If Glasser continues
to fail to respond to chargebacks and retrievals, PayJunction may
file a motion for authorization to permit PayJunction to respond to
chargebacks and retrievals or otherwise respond on Glasser's
behalf."

(*Id.*)

-10-

Glasser has not complied with the Court's orders. Due to the Defendants'
failure to answer or otherwise respond to the Complaint and the procedural posture
of the case, PayJunction sought to convert this Court's order of preliminary
injunction into a permanent injunction rather than move this Court to compel for
Glasser's noncompliance. "The standard for a preliminary injunction is essentially
the same as for a permanent injunction with the exception that the plaintiff must
show a likelihood of success on the merits rather than actual success." *Winter v. Nat.
Res. Def. Council, Inc.*, 555 U.S. 7, 32 (2008). Here, Defendants' failure to answer
or respond establishes PayJunction's success on the merits. Accordingly, the Court
finds that PayJunction's claim for Injunctive Relief is legally sufficient and states a
plausible claim for relief.

     e. Attorney's Fees.

"The expenses of litigation generally shall not be allowed as a part of the
damages; but where the plaintiff has specially pleaded and has made prayer therefor
and where the defendant has acted in bad faith, has been stubbornly litigious, or has
caused the plaintiff unnecessary trouble and expense, the jury may allow them."
O.C.G.A. § 13-6-11. When dealing with a default judgment, Georgia law holds that
"[i]f a plaintiff in its original complaint puts the defendant on notice that it is seeking
attorney fees and expenses under O.C.G.A. § 13–6–11 as part of the relief prayed

for in the case, and if a default judgment is subsequently entered against the defendant for failing to answer the complaint, then the plaintiff is entitled to an award of attorney fees and expenses as a matter of law from the defendant having caused unnecessary trouble and expense." *Nat'l Fire Ins. Co. of Hartford v. Thrasher Contracting, LLC*, 142 F. Supp. 3d 1309, 1314–15 (N.D. Ga. 2015). Lastly, Section 20 of the Merchant Services Agreement states that Defendants are responsible for all attorney's fees for PayJunction that arise out of or related to the enforcement of the Merchant Services Agreement. (ECF No 1, Exhibit "A.")

The Court finds that PayJunction's claim for Attorney's Fees against Glasser Images is legally sufficient and states a plausible claim for relief. Defendants have acted in bad faith, have stubbornly refused to comply with the Court's order to mitigate damages caused solely by Defendants' acts and omissions, and have caused PayJunction unnecessary trouble and expense. PayJunction put the Defendants on notice of its claim for attorney's fees by specifically requesting attorney's fees and costs in a separate count in the Complaint. The Clerk has entered default against the Defendants, and this Court shall enter default judgment against Defendants for PayJunction's attorney's fees and costs as a matter of law.

131465887.1

**B.      PayJunction is Entitled to a Default Judgment as to Damages.**

This Court finds that an evidentiary hearing is not necessary to determine damages because there is sufficient evidence in the record in support of PayJunction's damages. PayJunction's Complaint and the evidence filed in support of the Motion adequately support the claimed damages, show that the damages are capable of mathematical calculation, and demonstrate that the damages are reasonable. Fed. R. Civ. P. 55(b)(1) states that "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Accordingly, as detailed in the Motion and in the Declarations of Gerald T. Chichester, Esq. and Matt Odirakallumkal filed concurrently therewith, PayJunction's damages as of the date of the Motion are as follows:

|   |   |   |
|---|---|---|
| a. | Breach of Contract and Guaranty Damages against Defendants: | $912,612.39 |
| b. | Attorney's Fees: | $64,628.75 |
|   | **Total:** | **$977,241.14** |

131465887.1

## V.    <u>CONCLUSION.</u>

For the forgoing reasons, the Motion is **GRANTED**:

> (1) Judgment shall be entered against Defendants in the total amount of $977,241.14;

> (2) Plaintiff shall be entitled to recover future damages arising from the breaches that the Court has found were committed by Defendants in today's order arising out of the Merchant Services Agreement in addition to the $912,612.39 stated herein;

> (3) Defendants shall be liable for attorney's fees incurred by PayJunction in connection with any and all collection and domestication efforts; and

> (4) Judgment shall be entered against Defendants converting the preliminary injunction ordered by this Court on November 19, 2021 (ECF No. 14) to a permanent injunction.

SO ORDERED, this 3rd day of March, 2022.

S/Clay D. Land

_____

Honorable Judge Clay D. Land
United States District Court for the Middle
District of Georgia, Columbus Division

131465887.1