## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In Re:<br><br>Jack A. Glasser,<br><br>      Debtor. | **Bankruptcy No.: 22-30244**<br><br>**Chapter 7** |
| Messiahic, Inc.<br>d/b/a PayJunction,<br><br>      Plaintiff,<br>  vs.<br><br>Jack A. Glasser,<br><br>      Defendant. | **Adversary No. 23-07006** |

### MEMORANDUM IN SUPPORT OF MOTION TO SEAL EXHIBITS

[¶1]  Plaintiff, Messiahic, Inc., d/b/a PayJunction ("PayJunction" or "Plaintiff") by and through the undersigned counsel respectfully files this Memorandum in Support of Motion to Seal Documents. The Court should grant Plaintiff's motion to seal and/or redact the two exhibits because they fall under one or multiple provisions of 11 U.S.C. § 107, Bankruptcy R. 9018, and/or Bankruptcy R. 9037.[1]

[¶2]  Pursuant to Bankruptcy Local Rule 5005-3, Plaintiff moves the Court to seal documents in the above-listed case. Plaintiff moves the Court to seal two documents: (1) PayJunction's spreadsheet of chargebacks to customer accounts; and (2) the North Dakota Attorney General's spreadsheet of restitution victims involving Defendant's previous State Action 08-2022-CV-00969 and the subsequent Bankruptcy Adv. Proc. referenced in the motion designating the debt as non-dischargeable.

---

[1] If any of the persons in the documents are minor children, his or her name should also be placed in a nonpublic record. See 11 U.S.C. § 112.

## LAW & ARGUMENT

1.    **The Court Should Seal the Documents**.

    a.    **11 U.S.C. § 107**

**[¶3]**    The Court should grant the motion to seal the exhibits because (1) the information is commercial information; and/or (2) disclosure of such information would create other unlawful injury to individuals under any means of identification or other information contained in the papers. "In order to adjudicate a seal, a court must first decide if the documents in question are "judicial records," and if so, must next consider whether the party seeking to prevent disclosure has overcome the common-law right of access that would otherwise apply to such records." Flynt v. Lombardi, 885 F.3d 508, 511 (8th Cir. 2018). "Issues concerning public disclosure of documents in bankruptcy cases should be resolved under [11 U.S.C.] § 107, not under the common law." Neal v. Kansas City Star (In re Neal), 461 F.3d 1048, 1053 (8th Cir. 2006). The cited statute provides:

> (a) Except as provided in subsections (b) and (c) and subject to section 112 [11 U.S.C. § 112], a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.
>
> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> > (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
> > (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.
>
> (c)
>
> > (1) The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
> >
> > > (A) Any means of identification (as defined in section 1028(d) of title 18 [18 U.S.C. § 1028(d)]) contained in a paper filed, or to be filed, in a case under this title.
> > > (B) Other information contained in a paper described in subparagraph (A).

(2) Upon ex parte application demonstrating cause, the court shall provide access to information protected pursuant to paragraph (1) to an entity acting pursuant to the police or regulatory power of a domestic governmental unit.

11 U.S.C. § 107.

**[¶4]**    "Under § 107, the strength of the public's interest in a particular judicial record is irrelevant; if the exception pertains, the bankruptcy **court must issue a protective order** on a motion by the affected person or party." Father M. v. Various Tort Claimants (In re Roman Catholic Archbishop), 661 F.3d 417, 431 (9th Cir. 2011) (emphasis added); see Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 27 (2nd Cir. 1994) ("[I]f the information fits any of the specified categories, **the court is required to protect a requesting interested party and has no discretion to deny the application**.") (emphasis added).

### i.    Commercial Information

**[¶5]**    Commercial information is not required to "be the equivalent of a trade secret before protecting such information." Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2nd Cir. 1994). There is no requirement of "good cause" as a condition for sealing – "even when the material sought to be protected was a trade secret or other confidential research, development, or commercial information." Id. Commercial information may include information about a transaction. Id. at 26.

**[¶6]**    Here, the names are all confidential information. PayJunction's spreadsheet is confidential because it is equivalent to a customer list. See Kovarik v. American Family Ins. Group, 108 F.3d 962, 966 (8th Cir. 1997) ("A finding of confidentiality may be appropriate under common law principles, as well as under the [Uniform Trade Secrets Act], even if the customers' names are known or easily ascertainable, if the specific attributes of such customers are important to the seller and are not obvious."). Additionally, all the information is about multiple transactions, making it commercial.

### ii.    Other Unlawful Injury Due to a Means of Identification

**[¶7]**    "Section 107(c) gives the court broad discretion to protect an individual with respect to any information, including identifying information, in a paper filed or to be filed with the court to the extent that the court finds that disclosure of the information would create an undue risk of identity theft or unlawful injury to the individual or the individual's property." 2 Collier on Bankruptcy P 107.04 (16th 2024). "The types of information that can be protected by the court are unlimited." Id. "[S]ection 107(c) requires a showing of cause." Id.

**[¶8]**    "Means of identification" is defined as "**any name or number that may be used, alone** or in conjunction with any other information, to identify a specific individual, including any— (A) **name**, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number[.]" 18 U.S.C. § 1028 (emphasis added). The information in the aforementioned documents contains personal information, which if made publicly available, could result in breaches of confidential personal information. Cause exists because it would cause unnecessary harm to the persons listed in the documents. See In re Risby, 2008 Bankr. LEXIS 13, *13 (E.D. Ark. 2008) ("The Court further finds there is cause under § 107(c) of the Bankruptcy Code to withhold public disclosure of the names listed in Petitioner's proffered involuntary petitions, since to do otherwise would create undue risk of unlawful injury to those individuals."). Accordingly, the Court should exercise its discretion and seal under § 107(c).

### b.    Bankruptcy Rule for Sealing

**[¶9]**    One of the bankruptcy rules provides:

On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that

are made confidential by statute or regulation. If an order is entered under this rule without notice, any entity affected thereby may move to vacate or modify the order, and after a hearing on notice the court shall determine the motion.

Bankruptcy R. 9018.

**[¶10]**    The Attorney General's office kept the customer listings from the public domain, something that is supported by the corresponding statutes and administrative provisions. See N.D. Case No. 08-2022-CV-00969 at Index # 2 (listing the persons without names and as a "client")[2]; see also N.D.C.C. § 44-04-01 et. seq. The attorney general's list is exempt because it is based on records acquired by the attorney's general office. See N.D.C.C. § 44-04-18.12.

**[¶11]**    The same or similar analysis above applies for commercial information. Accordingly, this falls within Bankruptcy Rule 9018.

### c.      Sealing under Bankruptcy Rule 9037

**[¶12]**    The Court should seal under Bankruptcy Rule 9037. The relevant bankruptcy rule, in relevant part, provides:

> (c) Filings made under seal. The court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the entity that made the filing to file a redacted version for the public record.

Bankruptcy R. 9037.

**[¶13]**    "The order permitting papers to be filed under seal may permit certain other parties (such as a committee, for example, which may need access to the information in order to fulfill its obligations) to view the information, but under a promise of confidentiality." 10 Collier on Bankruptcy P 9037.04 (16th 2024).

**[¶14]**    Because of the foregoing reasons and the names are individuals other than the debtor, the Court should seal the documents.

---

[2]https://attorneygeneral.nd.gov/wp-content/uploads/2023/02/2022-05-03-Glasser-Complaint.pdf

## **CONCLUSION**

[¶15]    For the foregoing reasons, PayJunction requests that the Court grants its motion to seal.

Dated: April 30, 2024

*/s/Berly D. Nelson*
Berly D. Nelson (ND #05903)
SERKLAND LAW FIRM
10 Roberts Street North
Fargo, ND 58102-4982
Phone: 701.232.8957
Fax: 701.237.4049
bnelson@serklandlaw.com

*/s/ Robert F. Elgidely*
Robert F. Elgidely (pro hac vice)
Fox Rothschild LLP
2 South Biscayne Boulevard, Suite 2750
Miami, Florida, 33131
Phone: (305) 442-6543
Fax: (305) 442-6541
RElgidely@foxrothschild.com

***Attorneys For Plaintiff***
***Messiahic, Inc. d/b/a PayJunction***